**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICHARD SIGALA,

      Plaintiff,

      v.                                    No. CIV 12-0777 JP/RHS

STATE OF NEW MEXICO,
JAMES JANECKA, WARDEN,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is serving a life sentence.  He alleges that he has been denied access to trial transcripts in both state and federal postconviction proceedings and has thus been prevented from preparing a non-frivolous petition for writ of habeas corpus.  Plaintiff contends that this deprivation has violated his rights of effective assistance of counsel, access to the courts, and compulsory process.  For relief, he asks the Court to order the State of New Mexico to (1) provide him transcripts of the criminal proceedings and (2) appoint counsel to represent him in state habeas corpus proceedings.

No relief is available on Plaintiff's claims against Defendants in this action under 42 U.S.C. § 1983.  First, the Court may not order production of the transcripts that Plaintiff requests.

> "[A 2255 habeas corpus] petitioner seeking collateral relief must demonstrate that his claim is not frivolous before the court is required to provide him with a free transcript." . . . .
> . . . .
> "[A]n indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error." . . . .  Similarly, in this civil action [Plaintiff] does not have a constitutional right to a free transcript to search for error when he has not demonstrated that his claim is not frivolous.

*Negron v. Adams*, No. 00-1071, 2000 WL 1152554, at *3 (10th Cir. Aug. 15, 2000) (quoting *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Plaintiff's allegations of denial of access to transcripts do not support a constitutional claim under § 1983, and this claim will be dismissed.

Second, this Court may not order a state court to appoint counsel for Plaintiff in anticipation of a state habeas corpus proceeding.  This request for equitable relief is barred, first, by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in state court proceedings except in very limited circumstances.  *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977).  By the express terms of § 2283, this Court "may not grant an injunction to stay

proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. And although Plaintiff does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co.*, 433 U.S. at 630; *and see* 42 U.S.C. § 1983 (prohibiting injunctive relief against judicial officers, except in circumstances not presented here). Plaintiff's complaint invokes none of the exceptions to the statutory prohibitions of the equitable relief that he seeks.

Furthermore, and alternatively, "[t]o the extent that [Plaintiff] is seeking relief in the nature of mandamus, . . . '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.' " *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011), *quoting Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir.1986)). Under these rules governing interactions of state and federal courts, the Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

3